# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| Plaintiff, | ) |
| v. | ) No. 09-00970-CV-W-DGK |
| AMERICAN SUZUKI MOTOR CORP., | ) |
| Defendant. | ) |

## ORDER

Plaintiff Well Fargo Bank, N.A. ("Wells Fargo") finances automobile loans. In this lawsuit Wells Fargo alleges that Defendant American Suzuki Motor Corporation ("Suzuki") and three dealers committed various torts in the course of a "No Payments for Life" promotion which caused Wells Fargo to incur significant losses on car loans it financed pursuant to the promotion.

Pending before the Court is Plaintiff's Motion for Leave to Modify the Scheduling Order and File First Amended Complaint (doc. 35). Finding that good cause exists to modify the scheduling order, and that justice requires Plaintiff be permitted to partially amend the Complaint, the motion is GRANTED IN PART.

### Standard

The Federal Rules of Civil Procedure provide that once an answer has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment

would cause undue prejudice to the non-movant, or if the amendments would be futile. *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005).

Additionally Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Under this rule "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

**Discussion**

Defendant Suzuki argues Wells Fargo has not established good cause to modify the scheduling order and permit the amendment. Suzuki contends Wells Fargo has been dilatory by waiting to move to amend the pleadings until five months after the deadline passed. While the Court is unmoved by some of Wells Fargo's explanations for why it could not have filed an amended complaint earlier, it is satisfied that Plaintiff has learned additional information since the original deadline passed which makes amending the complaint appropriate. Consequently the Court finds Plaintiff has shown good cause under Rule 16 to modify the scheduling order.

The Court has also reviewed the proposed Amended Complaint and finds that while it arguably does do more than just "clarify and expand upon the existing allegations," it is in the interest of justice that these allegations be heard on the merits. Furthermore this case is not yet one-year old, and the Court is confident enough time remains for Suzuki to conduct discovery and engage in the motion practice necessary to mount a vigorous defense that it will not be unduly prejudiced by granting the motion. The Court also finds Wells Fargo has not acted with undue delay, bad faith, or dilatory motive.

The Court does find, however, that the Lanham Act claim in the proposed Amended Complaint (Count VIII) is futile because it suffers from the same standing defect that the

Lanham Act claim in the initial Complaint (Count VII) suffered from. *See* Order dated June 16, 2010 (doc. 29). Accordingly, leave is denied to include Count VIII in the Amended Complaint.

## Conclusion

For the reasons set forth above the Motion (doc. 35) is GRANTED IN PART. The scheduling order is modified and Plaintiff is granted leave to file the proposed Amended Complaint, with the exception of Count VIII. Plaintiff shall file its amended complaint on or before October 29, 2010.

**IT IS SO ORDERED.**

Date:   October 26, 2010                         /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT