## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09-CV-00970 |
| | ) | |
| AMERICAN SUZUKI MOTOR CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED STIPULATION AND PROTECTIVE ORDER

Plaintiff Wells Fargo Bank, N.A., ("Plaintiff") and Defendant American Suzuki Motor Corporation ("Defendant") agree that during the course of discovery in this action it may be necessary to disclose certain confidential information (including corporate financial records, personal financial information, personnel files and confidential commercial information) relating to the subject matter of this action. Plaintiff and Defendant represent that they have no wish or intention to use such confidential information for any purpose other than the prosecution and defense of this litigation.

Therefore, pursuant to Fed. R. Civ. Proc. 26(c), Plaintiff and Defendant agree, subject to the approval of the Court as follows:

1. Definitions: For purposes of this Amended Stipulation and Protective Order, the following definitions shall apply.

   (a) "Parties" shall include all parties now named or hereafter joined as a plaintiff, defendant or third-party defendant in this action, and shall include all officers and employees of every corporate party.
   (b) "Document" shall have the full meaning ascribed to it in Fed. R. Civ. Proc. 34.
   (c) "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether

pursuant to discovery, pre-trial exchange or otherwise, in prosecution or defense of this action; or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

(d) "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

(e) "Confidential information" shall mean the contents of any document or transcript of testimony which shall have been designated by any party as confidential because it contains a trade secret or other confidential research, development or commercial information, as those terms are intended in Fed. R. Civ. Proc. 26(c) and Bankruptcy Rule 7026, and any pleadings, briefs, filings or other material containing or otherwise disclosing the contents of such information.

2. Designation of information as confidential shall be accomplished as follows: With respect to documents, any document produced by any party may be marked, in whole or in part, with legend "CONFIDENTIAL." With respect to deposition testimony, a party shall state, on the record, all testimony which the party intends to designate as confidential. Counsel may, alternatively, designate within thirty (30) days after receipt of the transcript provided by the Court Reporter, a written list of those portions of the transcript which such party then deems confidential.

3. Such confidential information shall be used solely for the purpose of the prosecution or defense of the litigation in this case, and shall not be disclosed in any manner to any person except as provided in this Order. By stipulating to this Order and agreeing to its terms, the parties have not waived any objections to the admissibility of any testimony or exhibit in the case and have not waived any objections to any requested discovery served upon them.

4. Documents produced or testimony given under the terms of this Order shall be retained in the office of counsel until required by the Court to be filed in the case, in which event the provisions of paragraph 8 shall apply. Counsel for the parties shall be responsible for assuring that access to confidential information shall be permitted only to:

(a) counsel of record who are outside counsel to the parties herein, and corporate counsel regularly employed by such parties, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff, so long as all such persons are informed of this stipulation and order and orally agree to its terms;

(b) the Court, *in camera*, and to court reporters, including deposition court reporters and their staff;

(c) the actual or potential deposition or trial witnesses to the extent the confidential information may reasonably be believed to relate to their testimony, subject to the terms of paragraph 5;

(d) parties who are assisting counsel in the prosecution or defense of this action, subject to the terms of paragraph 5; and

(e) outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of this action, subject to the terms of paragraph 5.

No person having access to any confidential information shall disclose in any manner its contents to any person other than those described in this Order. No such disclosure shall be made for any purpose other than those specified in this Order.

5. Counsel for the respective parties shall be responsible for informing witnesses, as necessary, of the contents of this protective order. From and after the date this Order is entered, disclosure to any person specified in subparagraphs (c), (d), and (e) of Paragraph 4 shall be permitted only after each such person acknowledges, in writing or on the record at deposition, that he or she has read and understands, and agrees to be bound by the terms of, this Order. Such written agreement shall be obtained by securing the signature of any recipient of confidential information on a copy of this order or oral acknowledgment by a deponent on the record at deposition. Counsel disclosing confidential information to any such party shall be responsible for maintaining a file containing the signatures of all such persons to whom confidential information has been disclosed. Upon request, the file shall be made available to opposing counsel at the termination of the case, or earlier by agreement of the parties or by order of the Court for cause shown. Outside experts or consultants employed by counsel for the purpose of

assisting in the prosecution or defense of this action who agree in writing to the terms of this Order as provided above, may view and have possession of copies of confidential information in their own offices provided that they otherwise comply with the terms of this Order with respect to the use and protection of confidential information.

6. Depositions taken in this matter may be attended only by counsel of record, members and employees of their firms, a representative of a party (subject to the terms of paragraph 5), outside experts or consultants employed by counsel (subject to the terms of paragraph 5), the deponent, counsel for the deponent, deposition court reporters and their staff, and videographers and their staff. No other person may attend a deposition taken in this matter without express written agreement from all parties.

7. Counsel desiring to make disclosure of protected information to any person other than those set forth herein shall make such a request to the party producing the information, and the parties shall attempt to agree on whether such disclosure shall be made. In the event the parties cannot agree, the dispute may be presented to the Court *in camera*, and disclosure thereafter made upon such terms as the Court may provide.

8. If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court. After leave to file under seal is granted by the Court, the party filing the document under seal shall file the document in compliance with the Court's Administrative Procedures for filing documents under seal in civil cases. No confidential information, including briefs or other papers containing reference to confidential information, shall be filed in the records of the Court except under seal with the legend "THIS DOCUMENT CONTAINS CONFIDENTIAL

INFORMATION AND IS SUBJECT TO A PROTECTIVE ORDER OF THE COURT."

9. If the disclosing party inadvertently produces privileged or trial preparation materials, it must notify the other party of such disclosure. After the requesting party is notified, it must return, sequester, or destroy all information and copies and may not use or disclose this information until the claim of privilege or work product is finally resolved (whether by the parties or by the Court). Additionally, the Court reminds counsel that a lawyer who receives materials that on their face appear to be subject to the attorney/client privilege or otherwise confidential, under circumstances where it is clear that they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them.

10. Nothing in this Stipulation and Order shall prevent any party from redacting personal identifiers such as social security numbers or other confidential information from documents prior to production based upon proper objections to the request for discovery of such information.

11. The parties may, by agreement, waive any of the terms of this Order. Nothing in this Order shall prevent a party from seeking additional protection as to information deemed confidential. After conferring with the appropriate party, any party may apply to the Court for a ruling that discovery material designated as confidential is not in fact entitled to confidential treatment.

12. Nothing herein shall be deemed to restrict in any way a party or its attorneys with respect to its own documents or to prevent a party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case.

13. Protected information shall at all times during the litigation be maintained in the utmost confidence by all parties having access to it. On conclusion of the case, all confidential information in the possession or under the control of counsel, the parties or their agents, consultants or experts along with all copies, excerpts or summaries therefrom shall be destroyed or returned to the producing or testifying party.

14. Consistent with the protective order guidelines posted on the Court's website, the Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

**SO ORDERED** this 10th day of December, 2010.

/s/ Greg Kays
Greg Kays
United States District Judge

**STIPULATED AND AGREED:**

| **BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP** | **LATHROP & GAGE LLP** |
|---|---|
| /s/ Timothy S. Millman | /s/Steven M. McCartan |
| Kurt D. Williams  MO Bar #36957 | Michael J. Abrams  MO Bar #42196 |
| kwilliams@bowse-law.com | mabrams@lathropgage.com |
| Stephen M. Bledsoe  MO Bar #47048 | Steven M. McCartan  MO Bar #48459 |
| sbledsoe@bowse-law.com | smccartan@lathropgage.com |
| Timothy S. Millman  MO Bar #44398 | Jehan Kamil Moore |
| tmillman@bowse-law.com | jmoore@lathropgage.com |
| Laura K. Brooks MO Bar #56454 | 2345 Grand Boulevard, Suite 2200 |
| lbrooks@bowse-law.com | Kansas City, Missouri 64108-2618 |
| 2600 Grand Boulevard, Suite 1200 | (816) 292-2000 |
| Kansas City, Missouri 64108 | (816) 292-2001 (Facsimile) |
| (816) 561-7007 | |
| (816) 561-1888 (Facsimile) | |
| **ATTORNEYS FOR DEFENDANT AMERICAN SUZUKI MOTOR CORPORATION** | **ATTORNEYS FOR PLAINTIFF WELLS FARGO BANK, N.A.** |